## SINGER MANUF'G CO. v. YARGER.

*(Circuit Court, D. Iowa. October, 1880.)*

1. TAX SALE—COLLUSIVE BIDDING—CERTIFICATE VOID.

    Where there was a tacit agreement among the bidders present at a tax sale that they were to take turns in bidding, and that they were not to bid against each other, the sale and certificate are void.

2. SAME—ASSIGNEE TAKES, SUBJECT TO INFIRMITIES.

    The assignee of such a certificate holds it subject to all the infirmities by which it would have been affected in the hands of the purchaser at the sale.

3. SAME—EQUITABLE RELIEF FROM FRAUD.

    Where fraud has been committed, and by it the complainant has been injured, the general principles of equity jurisprudence afford a remedy. So, in the case of a fraudulent combination to deprive a mortgagee of his security by procuring a sale of the mortgaged premises for taxes without notice and without competition among bidders.

In Equity.

*Phillips, Goode & Phillips,* for complainant.

McCRARY, C. J. The complainant is the owner of a mortgage executed by the defendant, Yarger, upon certain lots in the city of Knoxville, in this state, given to secure a promissory note for $2,000 and interest. The respondents McCormick and Baker are the grantees in a certain tax deed of the same premises, which, if valid, is prior and paramount to the complainant's mortgage. The bill alleges that the tax deed is void, and prays a decree to cancel the same and for a foreclosure of the mortgage. The question to be decided is whether the tax deed is a valid conveyance of the property as against the complainant's mortgage. The tax deed is attacked upon the ground that the tax sale was fraudulent and void by reason of the fact that the bidders at the sale entered into an unlawful combination, whereby each was to take his turn in bidding, it being understood that there was to be no competition, and that they were not to bid against each other.

The evidence establishes the fact that there was, if not an express, at least a tacit agreement among the bidders present at the sale that they were to take turns in bidding, and that they were not to bid against each other. That such a combination among bidders is fraudulent, and vitiates the sale, is, as a general proposition, entirely clear. Whether this doctrine is applicable to the present case is the only matter of controversy. The respondents McCormick and Baker, who claim under the tax title, were not the purchasers at the tax sale, but are the assignees of the tax certificate. It is settled as the

law of this state that the assignee of such a certificate holds it subject to all the infirmities by which it would have been affected in the hands of the tax purchaser. *Light* v. *West*, 42 Iowa, 138.

It is insisted by counsel for respondents that the tax deed can be attacked on the ground of fraud in the sale only by the owner of the land, and not by a mortgagee. In support of this proposition section 897 of the Code of Iowa (1873) is cited. That section, among other things, provides "that in all cases where the owner of lands sold for taxes shall resist the validity of such tax title, such owner may prove fraud committed by the officer selling the same, or in the purchaser to defeat the same, and if fraud is so established such sale and title shall be void." While this section gives a remedy only to the owner of the land, it cannot, in my judgment, be rightly held to deny a similar remedy to others. The complainant's right to recover in the case does not depend upon the statute. If a fraud has been committed, and by it the complainant has been injured, the remedy is provided by the general principles of equity jurisprudence.

It cannot be presumed that the legislature of the state intended by the provision above quoted to deprive any person of a remedy for an actual fraud which existed independently of the statute. Suppose the case of a fraudulent combination to deprive a mortgagee of his security by procuring a sale of the mortgaged premises for taxes without notice to the mortgagee, and without competition among bidders. Will it be contended that in such a case the mortgagee could have no remedy, because a remedy in a similar case is given by statute to the owner? I think not. If the statute would bear such a construction, it is more than doubtful whether it would have the effect to deprive this court of its equity jurisdiction in such cases. *U. S.* v. *Howland*, 4 Wheat. 108; *Dodge* v. *Woolsey*, 18 How. 347; *Barber* v. *Barber*, 21 How. 583; *Lawrence* v. *Clark*, 2 McLean, 568; *Boyle* v. ———, 6 Pet. 648; *Noonan* v. *Lee*, 2 Black, 500.

Decree for complainant.