FREDERICK A. POWERS V. FIRST NATIONAL BANK OF BOTTINEAU, N. D., SUBSTITUTED IN PLACE OF WILLIAM H. McINTOSH.

Opinion filed May 15, 1906.    Rehearing denied October 3, 1906.

**Taxation — One Seeking Relief in Equity Must Pay or Tender Taxes Due.**

1. In an action to determine adverse claims to real estate arising out of tax certificates on which taxes are shown to be justly due, a court of equity will not grant the plaintiff relief until he pays or offers to pay the taxes justly due.

**Same.**

2. The mere fact that the rule of caveat emptor applies to tax-sale purchasers is not ground for not exercising in behalf of such purchasers the usual principles in equity actions.

**Same — Complaint in Statutory Form Need Not Allege Payment or Tender.**

3. In an action to determine adverse claims simply in which the statute provides a form of complaint, the complaint need not allege a payment or offer of payment of the taxes justly due, but before granting any relief the court should require such payment as a condition of granting any relief.

Appeal from District Court, McHenry county; *Palda, Jr.,* J.

Action by Frederick A. Powers against the First National Bank of Bottineau and others. Judgment for plaintiff, and defendants appeal.

Reversed and dismissed.

*Bosard & Bosard* and *A. M. Christianson,* for appellants.

Where there is no levy there is no tax and neither the amount of purchase or subsequent tax is recoverable. Tyler v. Cass Co., 1 N. D. 369, 48 N. W. 232; Budge v. Grand Forks, 1 N. D. 309, 47 N. W. 390; McHenry v. Brett, 81 N. W. 65 (N. D.); Barke v. Early, 33 N. W. 677; Roberts v. Duds, 10 N. W. 740 (Iowa); Barber v. Evans, 27 Minn. 92, 6 N. W. 445; Crosby v. Busch, 74 N. W. 464 (Mich.); Broxson v. McDougall, 70 Tex. 64, 7 S. W. 591.

Plaintiff cannot maintain this action or seek relief in equity, unless he offers to do equity by paying or tendering the taxes against

the premises. Cooley on Taxation, 750; Farrington v. Investment Co., 1 N. D. 102, 45 N. W. 191; Black on Tax Titles, section 216-220.

*M. H. Brennan* and *Brennan & Gray,* for respondent.

The rule of caveat emptor applies, where the tax is void *ab initio,* there being no levy there is no lien, and neither the purchase money or tax is recoverable. Tyler v. Cass Co., 1 N. D. 369, 48 N. W. 232; Budge v. Grand Forks, 1 N. D. 309, 47 N. W. 390; McHenry v. Brett, 9 N. D. 68, 81 N. W. 65; Barke v. Early, 33 N. W. 677; Roberts v. Deeds, 10 N. W. 740; Barber v. Evans, 6 N. W. 445; Coskery v. Busch, 74 N. W. 464; Broxson v. McDougall, 7 S. W. 591.

A levy by percentages is no levy. Dever v. Cornwell, 86 N. W. 227, 10 N. D. 123; Wells Co. v. McHenry Co., 7 N. D. 246, 74 N. W. 241.

MORGAN, C. J. The plaintiff brings an action against McHenry county and one W. H. McIntosh, seeking to cancel and annul four tax certificates issued on a tax sale in 1900 for the delinquent taxes of 1899. The defendant bank is the holder of such certificates under an assignment thereof from said McIntosh. the purchaser at the sale, and was substituted as defendant in place of said McIntosh at the trial. The complaint alleges that plaintiff is the owner of the land, which was sold for such delinquent taxes in separate tracts, comprising in all 480 acres; that the defendants claim interests and liens in and against said real estate adverse to the plaintiff "under alleged tax sales, levies and assessments for the years 1895, 1896, 1897, 1898 and 1899, all of which are void;" that the claim of the defendants is without any right whatever, and that neither of said defendants has any interest, lien or right in or to any portion of said lands; "that the defendant McIntosh claims to be the holder and owner of alleged tax sale certificates for the tax sale of 1900 for alleged taxes of the year 1899 on said lands, being tax certificates numbered 41, 44, 46 and 47, and will apply for and obtain deeds from defendant county of McHenry under said certificates for said lands unless the said defendants and each of then be enjoined and restrained by this court from taking or issuing deeds thereunder, and that in case of the issue of any deed or deeds to any of said lands the title of plaintiff to said lands will be clouded, and he will be irreparably

damaged; that all of said alleged taxes and tax certificates are void." The prayer for relief asks that the defendants and each of them be required to set forth the nature of their claims, and that a decree be entered adjudging that the defendants have no interest or estate in said lands, and that plaintiff's title to said lands be declared valid, and that all of said tax certificates be declared null and void; "that said defendants, and each of them, be forever enjoined and debarred from asserting any claim whatever in or to said land by or under any of said alleged tax sale certificates and that plaintiff have such other and further relief as shall be agreeable to equity," etc. The defendant bank answered, and alleged that the taxes under which the lands were sold under a regular sale for valid taxes were duly levied in the year 1899, and that the plaintiff had never paid any of said taxes, or offered to pay any of them, as a condition precedent to setting aside said certificates.

The complaint is not strictly one for the determination of adverse claims only, as it asks for an injunction against the county officials and the owner of the certificates to prevent the county from issuing a deed on said certificates and the holder from accepting such deed. These certificates are pleaded, and the court is asked to cancel them on the ground that they are invalid. The precise ground of the alleged invalidity of the certificates is not set forth in the complaint, and need not be set forth in an action to determine adverse claims. The grounds claimed to have been shown by the evidence are: (1) That the county levy for 1899 was made by percentages and not in specific amounts. (2) That no proper designation of a newspaper in which the delinquent tax list was to be published was made by the county commissioners.

We do not deem it necessary to consider the question whether these alleged omissions rendered the subsequent tax proceedings void or not. It may be conceded for the purposes of this case that a levy by percentages or mills was a void levy but from that it will not follow that all the taxes levied for that year were void. The levy by percentages pertained to the county taxes only. The state and township levies were not affected thereby Hence it necessarily follows that some of the taxes under which the land was sold are not void, nor are they claimed to be void. In the absence of such showing, they are presumed to be valid,

and the plaintiff will not be relieved from the entire burden of taxation by a court of equity upon a showing that some of the taxes are so irregularly imposed as to render such portion void.

The complaint sets forth an equitable cause of action. It asks for an injunction against the county officials, forbidding them from proceedings to deliver to the bank a deed upon the tax sale. To that extent it is the same as the complaint in the case of Douglas v. City of Fargo, 14 N. D. 467, 101 N. W. 919. In that case it was determined that the rule laid down in Farrington v. N. E. Investment Co., 1 N. D. 102, 45 N. W. 191, should be adhered to, and that interference by a court of equity could not be justly invoked unless the plaintiff showed that he had offered to pay such taxes as were justly due in cases where no claim was made that the whole assessment was void for jurisdictional reasons particularly pointed out in the opinion in that case. Plaintiff contends, however, that an injunction was not necessary in this case, and that the action was dismissed at the trial on plaintiff's motion as to the county commissioners. Plaintiff therefore insists that the action must be determined as involving only the rights of private parties, entirely dissolved from the rights of the public. The argument is not convincing. In the ultimate results there is no difference in the two cases. In both cases the public is deprived in the end of the taxes. In this case, if the certificates be adjudged void, the county must refund the taxes paid by the bank. Section 88, c. 126, p. 256, Laws 1897. The fact that the action was finally resolved into a contest between private litigants in no way detracts from the statement that it interferes with the collection or use of the public revenues. It is not alleged or contended that the land was not taxable, nor that it was excessively' taxed. No constitutional provision is claimed to have been violated. No prejudice is alleged, unless it can be claimed that the levy by percentages implies prejudice, and such contention could not be upheld. No equitable principle is involved as a ground from immunity from payment of the taxes assessed. Nothing affecting the fundamental groundwork of the taxes has been omitted or wrongfully performed. This is an equitable action, to be determined on equitable principles, although the county interests be eliminated from the issues. The plaintiff seeks the cancellation of certificates and the setting aside of levies and taxes. He seeks to set aside the lien created by a tax cer-

tificate.  He asks for general equitable relief.  Under the issues
framed, it is an equitable action, and held to be such in this state.
O'Neill v. Tyler, 3 N. D. 47, 53 N. W. 434; Tracy v. Wheeler
(just decided) 107 N. W. 68.  The relief sought is equitable, hence
equitable principles must be applied in the determination of the
issues.  The mere fact that the action is between private parties
only is not enough to take it out of the rules applicable to
equity cases.  It is not an answer to say that the doctrine of
caveat emptor applies in suits to determine the validity of taxes,
sales, or tax deeds.  That rule does apply in such cases, but that
does not justify a court of equity in holding that a tax sale purchas-
er shall be compelled to look elsewhere for his money, and the
owner relieved from all payments and burdens imposed upon own-
ers of property by the revenue laws.  The owner comes into a
court of equity, asking that he be relieved from tax proceedings
which he claims to be illegal.  Before his prayer should be granted,
he should do equity himself, and reimburse the tax purchaser, and
save the county from the burden of having to pay out the money
received as taxes on plaintiff's land, which the latter does not
claim not to owe.

A new rule is announced in this case, overruling previous cases,
in this court, so far as the application of this equitable principle
in actions between private parties to determine the validity of
tax sales or certificates or deeds is concerned.  Upon mature con-
sideration we conclude that no sound distinction can be drawn,
between such actions and those against public officers that will
warrant the application of this equitable principle in the one case
and withholding it in the other.  In Douglas v. City of Fargo,
supra, the cases in which this distinction is drawn in this state
were cited, but the doctrine was not approved in that case.  The
cases were cited and reviewed in that case solely for the purpose
of showing that the rule announced in Farrington v. N. E. Invest-
ment Co., had not been departed from by this court.

The question involved in this case, whether in an action be-
tween private parties affecting tax proceedings as liens on land an
offer to pay the just tax should be made, was not there involved.
The principle here involved is now a statutory enactment.  Chap-
ter 166, p. 232, Laws 1903.  In addition to the cases cited in
the Douglas case as sustaining the principle here announced, see
State Finance Co. v. Beck (just decided), 109 N. W. 357, and the

cases there cited. Also, Cooley on Taxation (3d Ed.) p. 1458, and cases cited under note 2; Knox v. Dunn, 22 Kan. 683.

In this case the plaintiff did not allege in the complaint a payment or an offer of payment of the taxes justly due. If the action be considered one solely to determine adverse claims, such an allegation is not necessary, as the statute prescribes a form of complaint for such cases. In such actions if it develops on the trial that taxes are justly due, the plaintiff should offer to pay them before equitable relief will be granted. In this case that was not done, although but two years' taxes had been paid by the plaintiff during his ownership of some of the land for about ten years. Under each of the grounds claimed to entitle the plaintiff to equitable relief, it is not shown that there was not a valid tax due on the land. Until this is shown, it will be presumed to be valid. Hence, there is no ground for interference by a court of equity until the plaintiff himself shows a disposition to do equity. This involves no hardship to the plaintiff. No deeds have been issued, and the right of redemption from the certificate exists.

The judgment is reversed, and the action directed to be dismissed. All concur.

