(115 N. W. 675.)

---

### D. T. YOUKER v. FLORA A. HOBART.

Opinion filed March 18, 1908.

**Adverse Claims — Plaintiff Must Show Title — Evidence.**

    1. In the statutory action to determine adverse claims to real property, it is incumbent upon plaintiff to prove a title sufficient to authorize him to maintain the action, and, until he furnishes such proof, the defendant is not required to prove his adverse title or claim.

**Taxation — Validity of Tax Deed.**

    2. Plaintiff's sole proof of title consisted of a tax deed based upon an alleged tax sale made on December 3, 1901, for the taxes for the year 1900. This deed is held void upon its face, for the reason that it discloses that the sale was conducted contrary to the provisions of chapter 154, page 198, Laws 1901, which requires that "each tract shall * * * be struck off to the bidder· * * * who will agree to accept the lowest rate of interest," etc.

**Same — Collusion at Tax Sale — Void Bid.**

    3. The tax sale upon which plaintiff's title is based was void because by an unlawful arrangement between the bidders at the sale all competitive bidding was eliminated; the proof of such unlawful combination and agreement being clearly disclosed by the evidence.

Appeal from District Court, Dickey County; *Allen, J.*

Action by D. T. Youker against Flora A. Hobart and others. Judgment for defendants, and plaintiff appeals.

    Affirmed.

*E. E. Cassells* and *Youker & Perry,* for appellant.

A tax sale on 19th day after first publication of notice is suffi-
cient. Coe et al. v. Buell, 6 N. W. 621; Taylor v. Brown, 5 Dak.
335, 40 N. W. 525; Williams v. Turner Twp. 87 N. W. 968; C. M.
& St. P. Ry. Co. v. Nield, 92 N. W. 1069.

*Robinson & Lemke,* for respondent.

A tax title depends upon strict compliance with requirements of
law. Farrington v. N. E. Investment Co., 1 N. D. 102, 45 N. W.
191; Powers v. Larrabee, 2 N. D. 141, 49 N. W. 724; Power v.
Bowdle, 3 N. D. 107, 54 N. W. 404; O'Neil v. Tyler, 3 N. D. 47,
53 N. W. 434; Swenson v. Greenland, 4 N. D. 532, 62 N. W. 603;
Roberts v. Bank, 8 N. D. 504, 79 N. W. 1049; Lee v. Crawford,
10 N. D. 482, 88 N. W. 97; Security Imp. Co. v. Cass County,
9 N. D. 553, 84 N. W. 477.

A tax deed void on its face is not competent evidence. O'Neill
v. Tyler, supra; Black on Tax Titles, section 545; Cooper v. Shep-
ardson, 51 Cal. 299; Williams v. Kirkland, 13 Wall. 306, 20 L.
Ed. 683; Blackwell on Tax Titles, 83 Note D; 2 Desty on Taxation
961; Johnson v. Elwood, 53 N. Y. 431; Dever v. Cornwell, 10 N.
D. 123, 86 N. W. 227; Lee v. Crawford, 10 N. D. 482, 88 N. W.
97; Sweigle v. Gates, 9 N. D. 538, 84 N. W. 481; Silsby v. Stockle,
7 N. W. 160; Bailey v. Haywood, 38 N. W. 209.

Where a tax sale lacks competition and purchasers by agreement
take turns at bidding, the sale is void. Blackwell on Tax Titles,
section 559, Cooley on Taxation, (3d Ed.) 943; State v. Maxwell, 6
Wall. 268; Singer Mfg. Co. v. Yerger, 12 Fed. 487; Johns v.
Thomas, 47 Iowa 441; Frank v. Arnold, 35 N. W. 453.

Beggs v. Paine, 15 N. D. 436, 109 N. W. 322, contra. is governed
by Laws 1890, section 72, and Laws 1897, section 78.

A sale for a tax in whole or in part is illegal, is void. Wilson v.
Supervisors, 47 Cal. 91; Dever v. Cornwell, supra; Lee v. Crawford,
supra; Sweigle v. Gates, supra; Sibly v. Stockle, supra; Milage v.
Coleman, 47 Wis. 180; Harper v. Rowe, 53 Cal. 233; Wills v.
Austin, 53 Cal. 152; Treadwell v. Patterson, 51 Cal. 637; Case v.
Dean, 16 Mich. 12; Riverside v. Howell, 113 Ill. 259; Kempt v.
Cleland's lessee, 19 Ohio 308; Gage v. Plumpelly, 115 U. S. 462.

Fisk, J. This action, which was brought to determine adverse
claims to certain real property, was tried in the district court of
Dickey county, and resulted in a judgment in defendant's favor.
By this appeal we are asked to review the entire case.

The complaint is in statutory form, alleging ownership of the
property in plaintiff, and that defendants claim certain estates or

liens therein adversely to plaintiff, and praying that defendants be required to set forth all their adverse claims, and that the title be quieted in plaintiff as against the same. The respondent Flora A. Hobart is the only answering defendant. She denies all the allegations of the complaint, except the single one that she claims ownership of the property, and by way of counterclaim she alleges ownership in her, and prays that her title may be quieted as against plaintiff's claim. She further alleges, in effect, that plaintiff's alleged title thereto is based upon a tax deed issued pursuant to an alleged sale of said land to one Sefton, plaintiff's grantor, for the taxes thereon for the year 1900, which tax sale took place on December 3, 1901, and subsequent payments of taxes for the years 1901, 1902 and 1903. She further alleges that the land in controversey was not assessed for taxation during said years, nor was any levy made therefor, and, further, that "the county taxes were not based upon the estimate of the expenses for the ensuing year, nor on a statement of the outstanding indebtedness of the county, and that a part of the said county tax levies were illegal and unauthorized." She further alleges that in the years 1900 and 1901 the county taxes charged against said land were not levied by uniform rule on all the taxable real and personal property in said county, and that in each of said years there was levied against all the taxable real property of said county, two mills on the dollar for gopher bounties, which levy on personal property. She further alleges that at the tax sale levies were made under a void statute, which did not authorize a levy on personal property. She further allges that at the tax sale in December, 1901, the land was not fairly and in good faith offered for sale, and sold at public vendue, for the reason that at said sale the persons present as purchasers were professional tax sale purchasers, and they refrained from bidding against one another under an understanding that they should take turns in bidding, thereby eliminating all competition, the result of which was that no bid was made at less than the rate of 24 per cent a year, with five per cent penalty. She further alleges that no notice of the time for redemption was given as required by law before the issuance of such tax deed, and, further, that she is ready and willing and offers to redeem by paying to plaintiff the amount paid by the purchaser at the time of sale with the statutory penalty of five per cent, together with the amount of the subsequent taxes paid by him, with interest on all taxes at the rate of two per cent a month for three years from the date of payment, and praying for judgment that said tax deed

be cancelled, and that defendant's title be quieted as against the plaintiff's claim.

It was, and is, conceded that defendant is the owner in fee of the property in controversy, unless her title was divested by the tax proceedings above mentioned. The trial court held that such attempted tax sale and the deed issued pursuant thereto were void, and adjudged that such deed be canceled of record. This holding was based upon the facts as found, that the notice of sale was not published for the requisite length of time prior to the date of sale, and that such sale was not conducted as required by law, for the reason that the bidders thereat entered into and carried out an unlawful agreement, whereby all competitive bidding was eliminated, and the property was sold for the highest rate of interest and penalty permitted by law. Defendant deposited with the clerk of court and offered to pay the plaintiff the full amount of such alleged taxes, with interest and penalty, which offer was refused.

The plaintiff's title, and hence his right to maintain this action, concededly rests entirely upon the validity of the tax sale made on December 3, 1901. To prove such sale, plaintiff relied wholly upon such tax deed and the legal presumptions arising from its recitals. Respondent contends that such deed is void upon its face, and therefore has no probative force as evidence, and he urges several grounds against the validity of such sale, only one of which we deem it necessary to notice. The so-called tax deed recites upon its face that the sale was made for "the smallest or least quantity of land that would sell for the amount of the tax," and not a sale made to the person offering to accept the lowest rate of interest from the date of the sale on the amount of the tax. In other words, it discloses upon its face that the sale was conducted pursuant to the provisions of section 76, chapter 126, page 285, Laws 1897, instead of chapter 154, page 198, Laws 1901, then in force. It is therefore clear, we think, that said deed was void upon its face, and furnished no proof of title. As directly in point, see King v. Lane (S. D.) 110 N. W. 38. It was there held that a tax deed was void upon its face which recited, in effect, that the sale was made under a prior statute which had been repealed. The prior statute, as in this state, required that the least quantity of the tract that would sell for the amount of the taxes, etc., should be sold, while the law in force at the date of the sale provided that the land should be sold to the bidder who bid the full amount due and states in his bid the lowest rate of interest per annum which he is willing to receive. Plaintiff therefore

wholly failed to prove title as alleged. This he was, of course, bound to do; it being well settled that defendant cannot be required to show title until plaintiff has first furnished proof of his title and right to maintain the action. Dever v. Cornwall, 10 N. D. 123, 86 N. W. 227, and cases cited. After quoting from numerous Minnesota authorities, the court says: "Under these authorities, the plaintiff was not in a position to call upon the defendant to show at the trial that their title to the land was a good title, and all evidence introduced at the trial to vindicate the defendant's title was therefore superfluous. As against the plaintiff, the defendants were entitled to have their title quieted at least to the extent of an adjudication that the plaintiff had no title to or interest in the land as against the defendants."

The decision of the trial court was manifestly correct for the further reason that the defendant's proof clearly shows that such tax sale was void because of the fact, which we think is clearly proven, that the purchaser at said sale had previously entered into an unlawful agreement with other prospective bidders whereby all competitive bidding was stifled and eliminated. The defendant introduced in evidence the tax sale record, from which it appears that 187 tracts of land were sold at said sale to about a dozen different persons, 15 of such tracts having been sold to the person, Sefton, who purchased the land in question. An inspection of this record discloses that the purchasers at said sale did not in a single instance bid against one another, and it is very apparent that said bidders took turns at bidding, and this must have been done pursuant to a previous express or tacit understanding between them. This was nothing more than a mere mock auction sale. That such a sale is void is well settled. Blackwell on Tax Titles. sections 559, 560; Cooley on Taxation (3d Ed.) 943, 944; Slater v. Maxwell, 6 Wall. (U. S.) 268, 276, 18 L. Ed. 796; Singer Mfg. Co. v. Yarger, (C. C.) 12 Fed. 487; Johns v. Thomas; 47 Iowa, 441; Frank v. Arnold, 73 Iowa, 370, 35 N. W. 456. In Johns v. Thomas, supra, the supreme court of Iowa, in speaking of a similarly conducted tax sale, said: "A list of the sales with the names of the purchasers is given. Green purchased several tracts, and no two in succession. His purchases, to be sure, do not appear to have taken place at entirely regular intervals. No one, however, can look at the list of sales without being impressed that they were to some extent governed by the idea of making an equal distribution." This language is strikingly applicable to the facts of the case at bar. Out of

the entire number of sales made each person among the twelve bidders appears to have gotten his pro rata share of the bargains, and it is a significant fact that out of the entire number of 187 sales no bid was made at less than the maximum rate of interest and penalty, namely, 24 per cent interest and 5 per cent penalty. This circumstantial evidence is of the most convincing character, and fully justified the trial court's finding that "the said tax sale was not made at public auction." In addition to the foregoing authorities, see, also, 27 Am. & Eng. Enc. Law, 838-840, and cases cited. Under the statute (section 1576, Revised Codes 1905), a tax sale must be made at public auction, and each tract must be struck off to the bidder "who will agree to accept the lowest rate of interest from the date of sale on the amount of such taxes, penalties and costs, so paid by him, which said rate shall in no case exceed 24 per cent per annum." It needs no argument to show that this statute was most flagrantly violated at the sale in question. This being true, the alleged sale was void and plaintiff's alleged title, based thereon, is likewise void.

Having reached this conclusion, it is unnecessary to notice the other points raised by appellant's counsel.

The judgment appealed from is affirmed. All concur.