# NOBLE et al. v. McINTOSH et al.

## (135 N. W. 663.)

**Suit to cancel tax certificates and enjoin issue of deeds — tender to certificate holder of amount of taxes.**

1. In an action brought by a landowner against the holder of tax certificates and the county auditor for the purpose of canceling such certificates and enjoining the issuance of tax deeds, the complaint is vulnerable to attack by demurrer where it fails to allege an offer or tender to the certificate holder of the amount of the taxes, interest, and penalty due to the county at the date of the tax sales, even though such complaint alleges the invalidity of such sales' by reason of an unlawful combination or agreement between the bidders thereat to stifle competitive bidding.

**Suit to cancel tax certificates and enjoin issue of deeds — tender to certificate holder of amount of taxes.**

2. Under such facts the landowner who seeks the aid of equity for the purpose of setting aside the sales and canceling the tax certificates must do equity by paying or offering to pay to the certificate holder the amount due the county at the date of the sales, but he will not be required to pay or tender any subsequent interest or penalty.

Opinion filed February 14, 1912. Rehearing denied March 26, 1912.

Appeal by plaintiff from a judgment of the District Court for Bottineau County; *A. G. Burr*, J., in defendants' favor in a suit for the cancelation of tax certificates and to enjoin issue of deeds.

Affirmed.

*Noble, Blood, & Adamson,* of Bottineau, for appellants.

*Weeks, Murphy, & Moum,* of Bottineau, for respondents.

FISK, J. This is an appeal from an order of the district court of Bottineau county sustaining a demurrer to the complaint upon the ground that such complaint fails to allege facts sufficient to constitute a cause of action.

Omitting formal parts the complaint is as follows:

(1) That the plaintiff herein V. B. Noble is the duly appointed, qualified, and acting administrator of the estate of D. McBrayen, deceased, and that the plaintiff Lizzie McBrayen is the only heir and

person entitled to inherit the whole of the real estate of D. McBrayen, deceased, involved in this action.

(2) That the defendant J. P. Simon is the duly elected, qualified, and acting auditor of the county of Bottineau and state of North Dakota.

(3) That at the time of the death of the said D. McBrayen, in the year 1905, he left as part of his estate the following-described property, to-wit: Lot 6, lot 23, and lot 24, all in block 16 of South Bottineau (now city of Bottineau), in said Bottineau county.

(4) That on the 3d day of December, 1907, said real property described in paragraph 3 hereof was sold at a certain tax sale held in Bottineau county, to the above-named defendant W. H. McIntosh, for the unpaid tax levied and assessed for the year 1906, which said tax, interest, and penalty at the time of said sale amounted to $21.96 for the said lot 6 hereinbefore described, and the sum of $193.76 for the said lots 23 and 24 hereinbefore described, and tax certificates were issued thereon to the said defendant W. H. McIntosh for said above-named sums.

(5) That the plaintiffs are informed and believe, and from such information and belief allege the fact to be, that the defendant W. H. McIntosh is now the owner and holder of said tax-sale certificates.

(6) That at said 1907 tax sale in said Bottineau county the said lots were not fairly and in good faith offered for sale and sold at public vendue, for the reason that at said sale the persons then and there present as purchasers refrained from bidding against one another under an understanding that the bids for the city and village property to be sold at such sale should be for the full rate of 24 per cent, together with a 5 per cent penalty, and that whenever any person present at said sale should enter a bid for the full legal rate of interest, 24 per cent, that no person should bid against him, thereby eliminating all competitive bidding at such tax sale, and as a result of such arrangement the premises hereinbefore described were sold to the defendant W. H. McIntosh for the full obtainable rate of 24 per cent, together with 5 per cent penalty; that the defendant McIntosh is a professional tax purchaser in Bottineau county, and for years has been a regular purchaser at the annual tax sales held therein, purchasing large numbers of tracts under an express or tacit understanding that all the property

sold should be bid in for the highest rate of interest obtainable, and the plaintiff herein V. B. Noble, upon his information and belief alleges the fact to be that never at any time in Bottineau county at any tax sale, including the said sale of 1907, has the city or village property in said county ever been sold under competitive bidding.

(7) That the defendant J. P. Simon is threatening to give notice of the expiration of the period of redemption from said tax sales to said property, and the defendant W. H. McIntosh is threatening to demand from the said J. P. Simon a tax deed to said real property above described.

(8) That unless restrained and enjoined by an order of this court the defendant J. P. Simon, as auditor, will give notice of the expiration of the period of redemption from said tax sales, and the said defendant W. H. McIntosh will demand and receive from the said J. P. Simon a tax deed to the said real property above described, and the plaintiffs will be irreparably damaged thereby, and for such damage plaintiffs have no plain, speedy, or adequate remedy at law.

Wherefore, plaintiffs pray judgment as follows:

(1) That an order issue from this court, enjoining and restraining the said J. P. Simon and his successors in office from giving notice of the expiration of the period of redemption from said tax sales, and from issuing any deed based on such tax-sale certificates, and from doing any act whatsoever with reference to said tax-sale certificates, and that the defendant, W. H. McIntosh, his agents, servants, and attorneys and each of them be enjoined and restrained from demanding of the said J. P. Simon and his successors in office that he give notice of the expiration of the period of redemption of said tax-sale certificates, or from demanding any deed therefor.

(2) That the said tax certificates for said property be declared illegal and void, and canceled of record as a cloud on plaintiff's title.

(3) For costs and disbursements of suit and for such other and further relief as to the court may seem just and agreeable to equity.

At the outset it will be observed that the action is not the statutory action to determine adverse claims, but on the contrary is analogous to the case of Powers v. First Nat. Bank, 15 N. D. 466, 109 N. W. 361, the object being to have certain tax certificates adjudged null and void and canceled of record, and perpetually enjoining the issu-

ance of tax deeds thereunder. In other words, it is strictly an equitable action to be determined on equitable principles. It is nowhere alleged in the complaint that the taxes represented in the tax certificates were not justly and legally levied, nor that any portion thereof have ever been paid or tendered, nor does the plaintiff in his complaint offer to do equity by paying or tendering to defendant McIntosh the amount of such taxes with legal interest, or at all. He is in a court of equity asking affirmative equitable relief without offering to do equity. His position in brief is that, because of an alleged illegal agreement between the bidders at the tax sale to stifle competitive bidding, that a court of equity should lend its aid to enable him to escape the payment of a concededly just and legal tax. To the extent of any injury suffered by him through such unlawful combination, a court of equity will of course afford him relief, and no doubt it will cancel the tax certificates; but to do so without requiring him to do equity by first paying or tendering the amount of the taxes, interest, and penalty justly due from him to the county at the date of sale, would be manifestly inequitable. We see no reason why the maxim, "he who seeks equity must do equity," should not apply. The unlawful agreement to stifle competitive bidding had for its sole object the obtaining of an excessive rate of interest and penalty, and could in no manner injure the plaintiff in so far as the amount actually due the county at the date of the sale is concerned. Of course defendant should not be permitted to profit in the least through his wrongful act. Hence he should not be permitted to recover any interest whatever on his investment. He has, however, discharged an obligation to the county which plaintiff was under a legal duty to discharge; and it seems to us that, both in equity and good morals, plaintiff, who comes into a court asking equitable relief against such tax certificates, ought to be required to pay or tender to defendant what in equity and good conscience he ought to have paid to the county at the date of sale. It is the plaintiff, not the defendant, who is invoking the aid of equity in this case, and the above maxim has no application to the latter.

We have not overlooked the case of Nichols v. Russell, decided by the Kansas City court of appeals, reported in 141 Mo. App. 140, 123 S. W. 1032, and relied on by appellants' counsel in support of their contention. We have carefully examined this case, and are unable to con-

cur in the criticism therein of the decisions of the supreme court of Iowa in Besore v. Dosh, 43 Iowa, 211. Light v. West, 42. Iowa, 138, and Everett v. Beebe, 37 Iowa, 452. We do not adopt the Iowa rule, however, *in toto,* as we deem it more consistent with a wise public policy, as well as more equitable, to require the plaintiff to pay or tender to the defendant merely the amount paid by him at the sale, without any interest from such date. This justly deprives the defendant of any profit out of the transaction, but at the same time compels the landowner to pay, as a condition to equitable relief, what he should have paid to the county as his share of the public burdens. There is nothing in Youker v. Hobart, 17. N. D. 296, 115 N. W. 839, inconsistent with the above views. In that case the defendant, the landowner, deposited with the clerk of court and offered to pay to plaintiff the full amount of taxes, with interest and penalty, which offer was refused. Our views herein are in harmony with the settled rule in this state. Powers v. First Nat. Bank, 15 N. D. 466, 109 N. W. 361.

The order appealed from is affirmed.