THE STATE OF NORTH DAKOTA EX REL. G. A. EBBERT v. CHARLES E. FOUTS, as County Auditor, of McHenry County, North Dakota.

(— L.R.A.(N.S.) —, 145 N. W. 97.)

**Tax deed — void — grantee entitled to valid deed — application for — proceedings — regularity.**

When the grantee in a tax deed receives a void instrument, he is entitled, upon proper application, to the issuance to him of a valid tax deed, providing the proceedings leading up to the same are in all things valid.

Opinion filed January 16, 1914.

Appeal from the District Court of McHenry County, *Burr,* J. Affirmed.

*Christianson & Weber,* for respondent.

The tax deed issued in this case not only incorrectly states the proceedings had at the tax sale, but such untrue and incorrect recitals render the deed void. Youker v. Hobart, 17 N. D. 296, 115 N. W. 839.

One who, in good faith, attends a tax sale and becomes a purchaser, is entitled to a valid and proper deed, and mandamus will lie to compel the proper officers to issue to him a proper and valid deed, containing truthful recitals of the proceedings had. Cooley, Taxn. 3d ed. p. 1370.

An officer who has made and issued an irregular or imperfect deed on a tax sale may, where the law has been substantially complied with, issue another or second and perfect deed on the same sale, upon application. 37 Cyc. 1429; State ex rel. White v. Winn, 19 Wis. 305, 88 Am. Dec. 689; Duggan v. McCullough, 27 Colo. 43, 59 Pac. 743; Woodman v. Clapp, 21 Wis. 360; Gould v. Thompson, 45 Iowa, 450; McCready v. Sexton, 29 Iowa, 356, 4 Am. Rep. 214.

The officer has not performed the functions of his office, nor done his *duty,* in such cases, *until he has executed and delivered a deed which truthfully states the proceedings had.* Gibson v. Pekarek, 25 S. D. 281, 126 N. W. 597, Ann. Cas. 1912B, 944; Maxcy v. Clabaugh, 6 Ill. 26; State ex rel. White v. Winn, 19 Wis. 305, 88 Am. Dec. 689; Eaton v. North, 32 Wis. 303; McCready v. Sexton, 29 Iowa, 356, 4 Am. Rep. 214; Duggan v. McCullough, 27 Colo. 43, 59 Pac. 743.

*J. H. Ulsrud,* for appellant.

The production of the tax certificate issued upon sale is a condition precedent to the right of the county auditor to issue tax deed. Reed v. Merriam, 15 Neb. 323, 18 N. W. 137; Thompson v. Merriam, 15 Neb. 498, 20 N. W. 24; Cooley, Taxn. 3d ed. p. 1370.

The tax deed issued in this case is regular and valid. 37 Cyc. 1429.

BURKE, J. Under § 1261 of the Code of 1899, it was a duty of the auditor in conducting tax sales, to sell the land to the bidder who would pay "the total amount of taxes, penalties, and costs charged against it, including any personal tax specified in the list and in the advertisement, which are a lien upon it for the smallest or least quantity thereof which

may be designated by any sufficient description." Tax deeds issued under this provision uniformly contained a recital that this procedure had been followed. In fact, the form to be used was set forth in full in § 1275, Code 1899, and contained the above recital. In 1901 the legislature changed the law, and provided that the sale should be made to the person who would pay the amount due for taxes, etc., for "the lowest rate of interest from the date of sale on the amount of such taxes, penalties, and costs so paid by him, which said rate shall in no case exceed 24 per cent per annum." See chapter 154, Sess. Laws 1901. Through an oversight, however, no amendment was made until 1913, of the form of tax deed which had been prescribed to meet the requirements of a sale under the earlier law.

In 1907, taxes were duly and regularly levied upon a lot in McHenry county, and in December, 1908, the said real estate was sold according to law for said taxes, and a certificate of sale issued, which certificate was later assigned to plaintiff. The premises were never redeemed from the tax sale, and after the legal notice had been given, plaintiff applied to the county auditor for a tax deed, at the same time surrendering his tax certificate. The county auditor issued such a deed in March, 1913, but said instrument, being as prescribed under the old law, contained the recital that the purchaser had accepted the smallest part of said real estate that was worth the amount of the taxes, whereas in fact he had obtained the land because he had bid the lowest rate of interest. About the time of the issuance of this deed, chapter 281, Sess. Laws 1913, went into effect, and under this provision the county auditor was directed to issue all tax deeds reciting the facts as prescribed by law, to wit: That the bidder had agreed to accept the lowest rate of interest on the amount of the taxes, etc.

In the meantime the question of the validity of a tax deed containing an erroneous recital of the manner of the sale had reached this court, and a similar tax deed had been held void. See Youker v. Hobart, 17 N. D. 296, 115 N. W. 839.

Plaintiff's position was this: He had purchased the premises according to law by agreeing to pay the lowest rate of interest of any of the bids received, and had done everything in his power to earn a tax deed. He had surrendered his certificate to the auditor, and was entitled to a good and valid tax deed. The deed which he had received

was utterly void under a decision of this court, because it recited that the sale had been conducted in an unauthorized manner.

Under those circumstances, he applied to the county auditor for a second deed, conforming to the requirements of chapter 281, Sess. Laws 1913, and correctly reciting the conduct of the sale. Upon the refusal of the auditor to issue such second tax deed, this writ of mandamus was obtained.

(1) The facts having been stipulated, there is no dispute excepting upon the question of law. The first question is whether or not the auditor had any authority to issue the second deed. Upon the part of the plaintiff, it is contended that the first deed is a nullity and that the duties of the auditor are the same as though he had issued no deed whatever, while the defendant contends that, having once issued a deed, he has no further authority in the premises. In his brief, he had argued that, as the law requires the purchaser to produce his certificate at the time of the issuance of the tax deed, and that the purchaser in this case is unable to produce such certificate at this time, such deed cannot issue. We cannot agree with this contention. When plaintiff applied for the tax deed originally, he deposited with the auditor the certificate, and it has remained on file in his office ever since. Until a valid tax deed has been issued this certificate is not canceled. Thus, the plaintiff is able to produce it at the time of the second application. Defendant's contention that the production of the certificate is a condition precedent to the authority to issue the deed thus loses its force. It is beyond question that the first tax deed was absolutely void, which differentiates this case from those cases where there was merely some slight irregularity, such as Reed v. Merriam, 15 Neb. 323, 18 N. W. 137. As to the true rule, see State ex rel. White v. Winn, 19 Wis. 305, 88 Am. Dec. 689; Lain v. Shepardson, 23 Wis. 224; McCready v. Sexton, 29 Iowa, 356, 4 Am. Rep. 214; Dyke v. Whyte, 17 Colo. 296, 29 Pac. 128; 37 Cyc. 1435; Mack v. Price, 35 Kan. 134, 10 Pac. 521. In State ex rel. White v. Winn, 19 Wis. 305, 88 Am. Dec. 689, it is said: "The owner of a valid certificate of a sale of lands for taxes, to whom a deed fatally defective in form has been issued, and who has never been in actual possession of the land, may compel the clerk of the county board of supervisors, by mandamus, to execute to him a proper deed." We think

it was the duty of the county auditor upon a proper showing to issue the deed in this case.

The order of the trial court is in all things affirmed.