M’Girk, C. J.,
delivered the opinion of the Court.
This suit was commenced in the Court below, against the securities of the late Sheriff, Thompson, on a bond given for the faithful discharge of his duties as Sheriff'. An execution had been put into his hands, in favor of M’Clenahan, a few days before his office of Sheriff expired. He did not proceed to levy the execution, or to do any thing under it; nor did he deliver it over to his successor, although it was demanded by him. And, for not delivering it over, this action was brought. The only question is, Whether this neglect or refusal to deliver over the execution, is a breach of official duty, so as to charge the securities. Thompson could not rightfully have delivered over the writ to his successor, until his own office expired, nor could he have a successor till then.
He Was bound to keep the Writ so long as he remained Sheriff and it was solely because he had ceased to be Sheriff that the obligation to deliver over the writ could arise at all. The Writ, then, must be delivered over by him, not as Sheriff, but because he is not Sheriff. If it is said, that he remained Sheriff) as to this act, after his successor is in office, I Would answer, that two persons cannot fill the same office of Sheriff, at one and the same time. Those acts which a Sheriff is allowed to do, after his office expires, are all justified by relation back to their commencement; and all the cases reported in the books, where a Sheriff has been allowed to act, after he has gone out of office, are cases which he had commenced before his office expired. The execution of a process is considered as one entire act. If the Sheriff has commenced it during his official term, he may finish it afterwards, because it will relate back to the commencement of it, when he was in office. In the present case, the Sheriff did not begin to act under the writ. The only breach assigned, is, that he *217 did not deliver it over to Ms successor. As that is an act which could not legally commence to be done until Ms office expired, the neglect to do it cannot he a breach of official.duty. Of course his securities are not liable for it. Although the securities are not liable, the party is not without remedy in cases of this kind. The law -affords many efficient remedies. The statute concerning officers, Geyer’s Dig. 315, in addition to a heavy penalty, for refusing to deliver over papers to the successor, authorizes the breaking open of any doors, trunks, or places to obtain them. The Court from which the process issues, have power to proceed by attachment against a private individual, as well as against its officers, for any wrongful withholding, or -abuse of its process. And it has power, also, to issue a second writ, without the -return of the first, upon a proper state of facts being shown. The old Sheriff is also personally responsible, for all damage which may ensue, from his neglect or refusal ■to deliver over the writ.
I am of opinion, that the judgment below ought to be reversed, with costs.
Jones, J.
This was an action in the Corut below, brought against the Sheriff and his securities on an official bond, conditioned conformably to the .-statute, for the “faithful discharge of the duties appertaining to his office vf Sheriff.” It comes before this Court by writ of error from the judgment of the Circuit Court, in favor of the plaintiff below, on a general demurrer to the replication, which stated, that at the August term of the year 1818, of the Superior Court of the'Territory, held at St Louis, the said M’Clenahan recovered judgment against J. J. & Walter Wilkinson, for $2088 50 damages, with costs. That on the 1st October following, an execution on that judgment was delivered to the Sheriff, who, on the 4th November following, was removed from office, and Joseph C. Brown appointed his successor. That Thompson, the late Sheriff when demanded by his said successor, refused to deliver the said writ to him for execution, and had then not delivered it.
By the common law, Sheriffs are required to return all writs that have been executed by them, (either fully or in part,) to the Courts from which they issued, and to hand over those not executed, to their successors in office. This latter part of duty, the defendants contend, was not law in England until the act of 20th Geo. II. That act, however, so far from imposing further duties, or increasing the liability of Sheriffs, was made for their case, limiting the time in which they were to be called upon for return of writs, after the expiration of their offices; and although it is thereby declared to be the duty of the late Sheriffs to hand over process, not executed by them, to their successors, it does no more than it was their duty to do before the passage thereof, by the provisions of the common law; and that such was their duty is clear, from decisions in the English Courts, as recognized in 2 Roll. Abr. 457, 8 Bulst. 70; Dalt. Sheriff, 18: 4 E. 604.
The plaintiffs contend, that the act of handing over writs by the former to a succeeding Sheriff, is not to be considered an official act by the old Sheriffj but a ipere private and individual oneand his refusal to do so, will not amount to a breach of the condition of his bond for the faithful discharge of the duties of his office; that there cannot be two Sheriffs at one and the same time, and that the defendant in error, plaintiff below, had mistaken Ms remedy; that he had none by action on *218 the bond, but ought to have proceeded against Thompson, the former Sheriff, either by attachment, or by a special action on the case, for such, his refusal.
Those arguments would, perhaps, apply, had the bond been for the faithful discharge of the duties of his office ; those are not the words of the bond declared on ; (taken conformably to our statute,) they are for the faithful discharge of the duties appertaining to his office of Sheriff; words much more comprehensible, than if they were for the discharge of the duties of office generally, and were, as it appears to me, intended by the Legislature to comprehend duties while actually out of office, if these duties appertained to the one he liad held.
In order, therefore, to come to a correct understanding of the meaning of the Legislature, it may he necessary to inquire into the legal and proper definition of the word “ appertaining.” It is belonging, having relation, or incident to something else ; houses and buildings pass in a grant, as appertainining to the land conveyed, as does a right of common, if such right belonged to the estate sold, and that, by virtue of the single word appertaining, inserted in the deed.
Taking this definition to be correct, the next inquiry to be made, will be, whether the handing or delivery over of a writ by a former to a succeeding Sheriff, appertained, had relation, or was incident to such former Sheriff’s office. It is admitted, that Thompson received the writ of execution as Sheriffi and while in office as such; and it. is admitted that he ought to have proceeded thereon, according to law; but, then it is contended, that, as he did not commence the execution of it before his going out of office, that his refusal afterwards to deliver it over to his successor, did not appertain to the duties of Ms former office. I cannot agree to this construction, but am, on the contrary, of opinion, that, as the Sheriff had the writ in his possession, at the time of his going out of office, it was a duty, if not directly as an officer, yet at least, as appertaining or incident to his duties of Sheriff, to have made a proper disposition of the writ, which, according to the common law, independently of the statute of Geo. II, (not in force here,) was. to have delivered it over to his successor, who, in such caso, was to proceed in the execution of it.
The plaintiffs contend, lhat an action could not lie against them on the bond, because another remedy is given by a statute, passed in 1807, Geyer’s Digest, 316, which imposes a penalty on officers lor not delivering writs and official papers to their successors. This statute, in my opinion, is against thorn. It contains a substantive clause, that former officers should deliver to their successors, all writs and papers in their possession, and imposes a heavy penalty for neglecting or refusing to do so— to the government, not to the parly injured — who, as no provision was made for his relief, was left to his remedy at iaw; thereby proving, to my mind, that the Legislature, at that time, were well aware that it was part of the duties of an ex-officer to deliver over all writs and papers to his successor.
Ido not wish to he understood as giving an opinion, that, had this bond been worded so as to read, to be conditioned for the faithful discharge of the duties of Ms office, that the Sheriff and his securities would not he liable for such a breach as has been assigned in this case. The present record does not require an opinion on that head; as, however, now advised, I think they would — the writ was put into his hands for execution ; he received it as an officer, and mustbe considered to continue as such, until he lawfully divested himself of the possession thereof, by handing it over to his successor; and, by so doing only, could he lawfully discharge himself and his securities from their liability on the bond.
*219 It would be in vain to look for decisions in the English Courts, on cases similar to the present, as, in that country, Sheriffs give no other bonds hut such as relate to the King’s revenue, and duly accounting therefor in the Exchequer. The only remedy, therefore, there, for a party injured through the non-feasance, mal-feasanee or misfeasance of a Sheriff, is, by way of attachment. This mode, it is admitted by the plaintiffs, the defendant, M’Clenahan, in this case, could have resorted to. If we examine into the comparative method of executing the office of Sheriff in England and in this country, it will be found, that in the former, the proceeding by attachment against the Sheriff, is an ample mode of redress to a party injured. There, a Sheriff, when attached, has immediate recourse to his under Sheriff, (there being but one,) who, in all cases, gives him a bond, with sureties for his indemnity, who are answerable over to him, (he never executing the office, otherwise than by deputy). But in this country, the Sheriff generally does the duties in person, and therefore, our laws wisely provide, that he shall give bond, with sureties to the Governor of the State, who is a mere trustee for those who have been injured by any breach in the fulfillment of any of the duties of his office.
This bond is not made to the Governor as an individual, as contended for, nor is the contract made with him, as also contended for, but. it is virtually made with all suitors and parties injured, at large, the name of the Governor being only made use of in trust for them; and our statute says that suit must be brought, as was done in this case, in the name of the Governor, for the use of the party injured.
Having satisfactorily, at least in my mind, shown that by the common law, as also by our statute law, the handing or delivering over writs, not executed by a former Sheriff, to his successor, is a duty appertaining to the office of a former Sheriff I am of opinion that the breach was well assigned in the Court below, and that judgment ought to be affirmed with costs.
As an additional authority, I refer to Dalt. Sheriff, 19, where it is said if the return of an old Sheriff is erroneous, the Court may cause the old Sheriff, or his under-Sheriff, clerk or deputy, to amend the same, which proves to me that an old Sheriff may do an official act, when out of office.
The Court being divided in opinion, judgment affirmed by the statute.