Grafton,  }
Dec., 1895. }

## BICKFORD v. POOR.

68   443<br>70   265

A tax sale is rendered invalid by statements of the purchaser made at the time of the sale for the purpose and with the effect of preventing competition.

WRIT OF ENTRY. Facts found by the court. The defendant claims title under a tax collector's deed to him, founded upon a sale for non-resident taxes assessed upon the demanded premises by the selectmen of Landaff in 1879. The plaintiff acquired his title from grantees of the New Hampshire Iron Company, who were the owners of the premises in 1879.

When the collector offered this land at the sale the defendant stated in substance to those present that he supposed his father had the money to pay the taxes, and if no one had any claims upon the land he would bid it off, and thought his father would pay him as soon as he saw him. His father was an old man and then lived about a mile distant from the defendant. His object was to afford further convenient opportunity to his father to pay the taxes. This statement prevented competition, and the defendant was the only bidder.

*George H. Bingham* and *Smith & Sloane*, for the plaintiff.

*George F. Morris* and *Bingham, Mitchell & Batchellor*, for the defendant.

PARSONS, J.   The defendant claims title by virtue of a tax collector's deed to him, founded upon a sale in 1879.   The plaintiff has the title of the owner at the time of the tax sale.   The case finds as a fact that the defendant's statement made at the sale prevented competition.   This fact is fatal to the defendant's title. " The sale must be a public sale with opportunity for open competition."   Cool. Tax. 339.   " It is essential to the validity of tax sales, not merely that they should be conducted in conformity with the requirements of law, but that they should be conducted with perfect fairness.   Perfect freedom from all influences likely to prevent competition in the sale should be in all cases strictly exacted."  Slater v. Maxwell, 6 Wall 268, 276.   This case, decided in the supreme court of the United States and supported by the authorities generally (Burr. Tax. 351; Black. Tax Tit., ss. 397– 399; Kerwer v. Allen, 31 Ia. 578), is decisive of the present case. The finding of fact upon this point being sufficient to determine the case, the other objections suggested have not been considered.

*Judgment for the plaintiff.*

CHASE, J., did not sit : the others concurred.