S. T. Bowlin and Wife, Edith Bowlin,

*v.*

Federated Mutual Implement and
Hardware Insurance Company.

357 S.W.2d 337.

(*Jackson*, April Term, 1962.)

Opinion filed May 4, 1962.

Allen J. Strawbridge, Grooms Herron, Dresden, for
plaintiffs in error.

R. E. L. Gallimore, Dresden, Geo. C. Rowlett, Mar-
tin, for defendant in error.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

This is a suit upon an insurance policy. The loss involved was a barn across the street in Dresden from the main dwelling house.

The property was insured for $15,000.00. The barn burned and the suit was for $1500.00, or for 10% of the amount of the coverage.

The suit was heard by the trial judge without a jury. He rendered a judgment about a year after the hearing and dismissed the suit. The Court of Appeals reversed in a two to one opinion, and gave judgment for the plaintiff for $1500.00.

We have granted certiorari and the case argued at the Bar of this Court.

The policy is a standard form. Defense is made upon the theory that the destroyed building was not insured under the contract because it was not located on the lot where the dwelling described in the policy was located, nor was a part of the premises described in the insurance contract.

The plea also sets forth as a defense the exceptions, or exclusions, in the attached form 49D, Section 12 under the title "Extensions of Coverage", which is as follows:

"As respects the amount of insurance applicable to the principal dwelling item, the Insured may apply up to:

(1) PRIVATE STRUCTURES: Ten percent (10%), as an additional amount of insurance, to cover private structures *appertaining to the premises described for that dwelling and located thereon,* but not (a) structures used in whole or in part for mercantile, manufacturing, or farming purposes, nor (b) any structures (except buildings used for private garage purposes) which are wholly rented or leased to other than a tenant of the principal dwelling covered hereunder."

The defenses are that the structure in question was not located on the lot or premises described in the policy contract; that it was not used as a structure which appertained to the premises insured; that it was used for commercial purposes.

For a proper solution of this problem the pertinent facts should be stated. In February of 1940 the plaintiffs, S. T. Bowlin and wife, purchased from Austin G. Morrow and wife a lot lying on the north side of Hillcrest Street in the town of Dresden, containing two or three acres. There was a dwelling on this tract in the southwest corner and a barn or an outbuilding was constructed near the southeast corner. This barn in the southeast corner of that tract was the one destroyed by fire and is now involved in this suit.

Mr. and Mrs. Bowlin lived in that dwelling on that parcel of land for a number of years. They built this barn in about 1943, while they lived at their former dwelling.

It seems that the Bowlins had this house and lot insured with a standard form insurance policy for a five year term, and this policy was renewed from time to time.

On September 2, 1948, the plaintiffs bought a lot across on the south side of said Hillcrest Street by deed from Mrs. Katie Hill Bowlin, the widowed mother of S. T. Bowlin, on which they built a home into which they moved and where they have resided since that time.

In October, 1948, the plaintiffs sold a lot on which their former home was located on the north side of Hillcrest Street, and which was in the southwest corner of said lot, or tract, conveyed to them by Morrow and wife. This lot so sold was 130 feet square and the conveyance was made to Everett M. Golden and wife. The lot purchased by the Goldens did not contain the barn in question, but the remainder of that tract on which the original home was located was retained by the plaintiffs, including the barn in question. This barn was used principally for storage.

It seems to us that the determining question in this case is whether the barn is a structure *appertaining to the premises described for that dwelling and located thereon.*

It appears that the plaintiff built a garage near their new dwelling house.

In our opinion the structure in question was not located on the lot, or premises described in the policy contract, and it was not used as a structure which *appertained* to the premises insured.

To decide otherwise would mean that this barn used for storage by the owner of the dwelling insured, could be situated blocks away from the insured dwelling and then be covered by the policy. We cannot give any such meaning to the plain wording of the contract.

In *Norfolk Dedham Mutual Fire Insurance Co. v. Hamilton,* 52 So.2d 495 (Mississippi) the Court said in part as follows:

"The premises here consisted of one complete tract of land. Appellant's agent testified that he classed it as suburban property, since it was not farm property, and was in the suburbs of a city of considerable size. The appellees acquired title to the entire tract of land and to all buildings and improvements thereon by a single deed. The damaged house was located on the land; it was a part of the land in a legal sense. In the case of *Governor of Missouri v. McNair,* 1 Mo. 302, 305, it was held that houses and buildings, if belonging to the estate sold, pass by a grant by virtue of the use of the single word 'appertaining.' In *City of Milwaukee v. (Chicago) M. & St. P. & P. R. Co.,* 223 Wis. 73, 269 N.W. 688, 691, it is said ' "Appertain" means to belong to * * * the land upon which it stands so as to be a part of the land in a legal sense.' Webster's New International Dictionary defines 'appertain' as 'to belong, or pertain' and it defines 'pertain' as 'to belong, to have connection with or dependence on something, to appertain,' and says, 'Pertain, appertain are

frequently used without distinction in the general sense of belong.' The house here in question clearly appertained or belonged to the premises upon which it was located."

This barn being located on a different tract of land to that on which the dwelling was located, it cannot be said to be appertaining thereto and certainly not located thereon. See also *McKee v. Potomac Insurance Company*, 208 Tenn. 152, 344 S.W.2d 366, decided by this Court on March 10, 1961.

It might be mentioned in closing that had the plaintiffs conveyed the new house and lot it could hardly be thought that this conveyance would include the barn in question.

It follows that the judgment of the Court of Appeals must be reversed and the judgment of the trial court affirmed.

BURNETT, FELTS, WHITE and DYER, JUSTICES, concur.