## Nash v. Towamensing Mutual Insurance Co.

*George T. McKinley*, of *Nanovic & McKinley*, for plaintiff.

*Sidney R. Webb*, of *Webb & Webb*, for defendant.

HEIMBACH, *P. J.*, December 4, 1974—The parties have waived jury trial in this action of assumpsit.

Plaintiff seeks to recover $1,800 for loss of his barn by fire under the provisions of section II, Dwelling Coverage (B)(1), which reads:

"(1) The Insured may apply up to 10% of the amount of insurance applicable to the principal dwelling item under this policy as an additional amount of insurance to cover private structures (other than the described dwelling and additions in contact therewith) appertaining to the described premises and located thereon, but not structures used for commercial, manufacturing or farming purposes, nor any structures (except structures used principally for private garage purposes) which are wholly rented or leased to other than a tenant of the principal dwelling covered hereunder."

Defendant agrees plaintiff's loss exceeds $1,800 which is ten percent of the insurance coverage, but denies liability for the reasons stated in new matter, as follows:

"9. The destroyed structure was a flat barn and did not appertain to the principal insured dwelling, namely the two story dwelling, nor was same 'located on the premises' of the insured dwelling and therefore was not within the terms and conditions of the policy."

Summarized, the testimony is this:

Plaintiff, a real estate broker, was the owner of a farm property at the time of the fire, containing, inter alia, a dwelling house and a barn, the two buildings being in close proximity to each other but separated by a road. From the time plaintiff purchased the property, viz., July 15, 1970, until the fire on April 15, 1971, the premises were unoccupied. Following the fire, plaintiff learned the former owner had left some personal belongings in the barn which he had used as a garage.

Defendant offered no testimony, and demurred to the evidence.

Under this evidence, was the barn an additional private structure appertaining to the described premises and located thereon, which at the time of the fire was not used for commercial, manufacturing or farming purposes and which was not rented or leased to other than a tenant of the principal dwelling covered by the policy?

When the meaning of the provisions in the policy in dispute is not clear, any ambiguities must be resolved in favor of the insured: Papadell v. Harleysville Mutual Casualty Co., 411 Pa. 214, 216 (1963), citing Weissman v. Prashker, 405 Pa. 226, 175 A. 2d 63 (1961).

Ballentine Law Dictionary, 2d Edition, defines "appertaining" as "belonging, having relation, or incident to something else; houses and buildings pass in a grant, as 'appertaining' to the land conveyed, as does a right of common, if such right belonged to the estate sold, and that, by virtue of the single word 'appertaining,' inserted in the deed. See Governor of Missouri v. M'Nair, 1 Mo. 302."

We paraphrase the statement of Justice Hall in Norfolk Dedham Mutual Fire Ins. Co. v. Hamilton, 52 So. 2d 495, 496 (Miss. 1951):

Plaintiff acquired the entire tract of land, together with all buildings, by a single deed. The damaged barn was located on the land; it was a part of the land in a legal sense. In the case of Governor of Missouri v. M'Nair, supra, it was held that houses and buildings, if belonging to the estate sold, pass by a grant by virtue of the use of the single word "appertaining." In City of Milwaukee v. Chicago, M., St. P. & P. Ry. Co., 269 N. W. 688, 691, it is said: " 'Appertain' means to belong to . . . the land upon which it stands so as to be a part of the land in a legal sense."

Webster's New International Dictionary defines "appertain" as "to belong or pertain," and it defines "pertain" as "to belong, to have connection with or dependence on something, to appertain," and says "pertain," and "appertain" are frequently used without distinction in the general sense of belonging.

The barn here in question clearly appertained or belonged to the premises upon which it was located. Since it was not being used for any of the "excepted" purposes at the time of the fire, it is included in the coverage of the policy to the extent of $1,800.

For these reasons, we find the following

## VERDICT

Now, December 4, 1974, after hearing had, we find a verdict in favor of plaintiff, John Nash, and against defendant, Towamensing Mutual Insurance Company, in the amount of $1,800, together with interest thereon from April 15, 1971, at the rate of six percent.

Costs on defendant.