[Civ. No. 15766. Third Dist. Dec. 6, 1976.]

LESTER M. SANDGREN et al., Plaintiffs and Appellants, v.
FIRE INSURANCE EXCHANGE, Defendant and Appellant.

## COUNSEL

Larimer & Evans, John T. Larimer, Jr., Jeffrey M. Kelter for Plaintiffs and Appellants.

Kroloff, Belcher, Smart, Perry & Christopherson, John F. Strangman and Robert A. Seligson for Defendants and Respondents.

## OPINION

**FRIEDMAN, J.**—In this declaratory relief action the trial court held that a homeowner's insurance policy issued by defendant did not cover fire loss of a barn owned by plaintiffs Sandgren and Larimer. The Sandgrens appeal.

For the most part, the facts are stipulated. Mr. and Mrs. Sandgren lived at 3443 Nuestro Road, Yuba City. In 1964 they took out a

homeowner's policy which included fire insurance on their home. The policy was renewed at intervals thereafter. Two other plaintiffs, Mr. and Mrs. Larimer, lived next door to the Sandgrens. In 1970 the Sandgrens and the Larimers bought an 8.5-acre parcel immediately behind their residential properties and took title as tenants in common. The barn in question was located on the 8.5-acre parcel, about 770 feet from the Sandgren home.

Although the stipulation did not describe the uses to which the barn was put, Mr. Sandgren testified it was used for the storage of personal property and also for cattle and sheep kept by his children as part of 4-H projects.

The insurance policy issued by defendant contains an extension clause permitting application of 10 percent of the policy limit to "private structures appertaining to the described premises of said dwelling and located thereon . . . ."

The barn was destroyed by fire in August 1973. The trial court concluded that the barn was neither appertaining to nor located upon the premises described in the policy and was not covered.

The trial court decided correctly. █ Contrary to plaintiff's contention, the extension clause is not ambiguous. The face sheet of the policy gives the street address of the named insured. It then declares: "The described residence premises covered hereunder is [sic] located at the above address, unless otherwise stated herein." The policy contains no other description or designation of the insured premises. The extension clause describes two conjunctive, inseparable features of the covered private structures: (1) they must be appertaining to the described premises, and (2) they must be located "thereon," i.e., on the described premises.

Out-of-state decisions construe the word "appurtenant" either in terms of use (i.e., as an auxiliary to the main dwelling) or in terms of the property's location on the parcel or tract of land covered by the policy. (See Annot. 43 A.L.R.3d 1362.) Were appurtenance the only characteristic employed in the policy, the ambiguity of the clause would be self-evident. The policy goes farther. Not only must the structure be appertaining; it must also be "located thereon," that is, on the insured premises, that is, on the premises described by the street number and designation, 3443 Nuestro Road, Yuba City.

The barn was on a separately acquired parcel of real estate. When plaintiffs took out the policy, they owned the dwelling premises at 3443 Nuestro Road, but not the 8.5-acre parcel behind it. At that time plaintiff's street address did not cover or refer to the 8.5-acre parcel. At that time there was no ambiguity in the policy's description of the insured premises. When, six years later, plaintiffs and the Larimers acquired the 8.5-acre parcel as tenants in common, there was no shift or expansion in the policy's description of the insured premises. The premises remained precisely the same. The barn was not located "thereon." Rather, it was on a separate, separately owned parcel. Thus the barn failed to meet the conjunctive, bipartite policy description of a structure that was simultaneously "appertaining" and "located" on the premises for which the policy was issued.

A renewed insurance policy is chronologically new but perpetuates the terms and conditions of the original policy unless the parties provide otherwise. (*Stowe Township* v. *Standard Life Ins. Co.* (3rd Cir. 1975) 507 F.2d 1332, 1336; *Davis* v. *Travelers Insurance Company* (Iowa) 196 N.W.2d 526, 530; see additional cases cited, 44 C.J.S., Insurance, § 285, p. 1133, notes 64-65.)

Plaintiffs' charge of ambiguity is simply a verbalism designed to fasten the insurer with expanded coverage of property at a new location without notice to or consent of the insurer. The so-called ambiguity arises entirely from plaintiff's ex parte act of acquiring an undivided interest in a parcel which, in one part of its periphery, shared a common boundary with the parcel occupied by the insured dwelling. So described, the claim of ambiguity is self-defeating.

The annotation, 43 A.L.R.2d 1362, collects a small group of out-of-state cases dealing with the problem of "appurtenant" structures. To a greater or less degree, all these cases are distinguishable from the case at bar. For what it is worth, *Bowlin* v. *Federated Mutual Implement & H. Ins. Co.* (1962) 210 Tenn. 205 [357 S.W.2d 337], described on page 1367 of the A.L.R. annotation, is most similar on the facts.

Judgment affirmed.

Puglia, P. J., and Paras, J., concurred.

A petition for a rehearing was denied December 24, 1976, and the petition of the plaintiffs and appellants for a hearing by the Supreme Court was denied February 3, 1977.