**David M. ROUSE, Executor of the Estate of Seth Churchill, Plaintiff-Appellee,**

v.

**TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, Defendant-Appellant.**

Court of Appeals of Tennessee, Eastern Section.

Oct. 11, 1984.

Permission to Appeal Denied by Supreme Court Dec. 17, 1984.

David M. Tilson, Taylor, Tilson, Inman & Reams, Morristown, for defendant-appellant.

Ralph H. Noe, Jr., Morristown, for plaintiff-appellee.

## OPINION

FRANKS, Judge.

In this suit to recover for the loss of a barn on a fire policy issued by defendant to deceased, the jury returned a verdict in favor of the estate and the trial judge entered judgment for $4,500.00. The trial judge submitted the issues to the jury on the theory the provisions of the policy were ambiguous.

The insurance company has appealed, insisting no ambiguity exists and it was entitled to a directed verdict. We agree, and reverse and dismiss the suit for the reasons given.

Deceased owned approximately 5½ acres outside the corporate limits of Morristown in Hamblen County, fronting on Old Witt Road. At the time the insurance was purchased, defendant's agent went to deceased's property to determine the size and description of the house and size of its lot. He testified that he stepped off the portion around the house which was mowed or 250 feet along Old Witt Road and 150 feet back from the road. The policy issued describes the premises as: "The premises covered by this policy is located 150 x 250 lot on Old Witt Road 4 miles South from Morristown Tenn." The barn which was destroyed by fire was approximately 36 by 36 feet in size and was located 299 feet from Old Witt Road and 199 feet from the "corner of the barn to the corner of the dwelling." The evidence is undisputed that the described lot of 250 x 150 feet contained a dwelling and two small utility buildings, but the barn was not physically located on the lot.

The coverages for the dwellings and structures as provided in the policy are:

COVERAGE A DWELLING  We cover:

a. The dwelling on the residence premises shown in the Declarations used principally as a private residence, including structures attached to the dwelling; and ....

COVERAGE B OTHER STRUCTURES  We cover other structures on the residence premises, separated from the dwelling by clear space. Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be other structures.

We do not cover other structures:

a. used in whole or in part for business purposes; or

b. rented or held for rental to any person not a tenant of the dwelling, unless used solely as a private garage. [Emphasis supplied.]

As to structures other than the dwelling, the policy clearly states: "We cover other structures on the residence premises...." Residence premises is defined in the policy as:

"residence premises" means the one or two family dwelling, other structures, and grounds or that part of any other building where you reside and which is shown as the "residence premises" in the Declarations.

This definition creates no ambiguity as the residence premises shown in the declarations is the "150 x 250 lot on Old Witt Road."

It is plaintiff's theory that the definition of "insured location" renders the coverage provisions ambiguous. The provision contained in the Definitions section of the policy is:

4. "insured location" means:

a. the residence premises;

b. the part of any other premises, other structures, and grounds, used by you as a residence and which is shown in the Declarations or which is acquired by you during the policy period for your use as a residence;

c. any premises used by you in connection with the premises included in 4a or 4b.

The plaintiff insists the barn was located on the premises described under "insured location", 4c. This may be true, but it is not material to the issue before the court. The fire coverage does not extend to all premises included in "insured location", but is limited to the "resident premises". "Insured location" is not mentioned in Coverage B, but the term is utilized in describing other coverages, notably "Coverage F, Medical Pay to Others."

While the policy language is not identical to the standard policy provisions, it is not ambiguous. The standard policy provisions extending coverage to other structures usually refers to the structures as "appurtenant structures". For discussion of these policy provisions, *see Crouch on Insurance* 2d, (Rev.ed.) § 42:3. *Also cf. Bowlin v. Fed. Mut. I. & H. Ins. Co.,* 210 Tenn. 205, 357 S.W.2d 337 (1962) (wherein the Supreme Court, in considering a fire policy which provided for limited coverage for "private structures appertaining to the premises described for that dwelling and located thereon", observed: "[T]his barn being located on a different tract of land to that on which the dwelling was located, it cannot be said to be appertaining thereto and certainly not located thereon." *Id.,* at 210, 357 S.W.2d 337).

We find no ambiguity in the fire coverage provisions of the policy; therefore, a directed verdict in favor of the insurance company will be entered. Accordingly, the judgment is reversed and the cause remanded to the trial court for entry of a judgment dismissing the suit. The costs are assessed to plaintiff.

SANDERS and GODDARD, JJ., concur.